UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francisco Javier QUIROZ FIGUEROA,<br>　　　　　　　　　　　Petitioner,<br>v.<br>Christopher LaROSE, et al.,<br>　　　　　　　　　　　Respondents. | Case No.: 25-cv-3623-AGS-DEB<br><br>**ORDER REQUIRING RESPONSE** |

　　　Petitioner Francisco Quiroz Figueroa seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. He also moves for an order to show cause. (ECF 2.)

　　　The Court must first screen his petition, and to survive screening he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

　　　Quiroz Figueroa "is a national and citizen of Venezuela[] who arrived in the United States on or about August 20, 2023." (ECF 1, at 2.) The next month, he was "released" "on his own recognizance," and Immigration and Customs Enforcement again detained him nearly two years later, in August 2025. (*Id.* at 2, 4.) On "September 3, 2025," an immigration judge "authorized" his "release from ICE custody on a $1,500 bond." (*Id.* at 4.) But the government appealed, and the Board of Immigration Appeals found that *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216, (BIA 2025), "divested" the immigration judge "of jurisdiction to consider" his "eligibility for release on bond." (*Id.* at 5.) He now

"remains in ICE custody" because that decision categorizes him as an "applicant for admission" subject to mandatory detention under "8 U.S.C. § 1225(b)(2)(A)." (*Id.* at 5–6.) Quiroz Figueroa asks the Court to "declare" him "detained under . . . 8 U.S.C. § 1226(a)" instead because he crossed into the United States years ago and thus is not an "applicant for admission." (*Id.* at 6, 68.) Detention under § 1226(a) would allow potential "release" on "bond or conditional parole." (*Id.* at 69.) The statutory misclassification, he argues, thus renders his detention unlawful and in violation of "the Due Process Clause." (*Id.* at 6.)

This challenge has sufficient potential merit to warrant a response. Functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

By **December 19, 2025**, respondent must answer the petition. Any reply by petitioner must be filed by **December 22, 2025**. The Court will hold oral arguments on the petition on **December 23, 2025**, at **3:00 p.m.**

Dated:  December 17, 2025

_____
Hon. Andrew G. Schopler
United States District Judge